### 21114

GREYHOUND LINES, INC., Appellant, v. The SOUTH CAROLINA PUBLIC SERVICE COMMISSION, Respondent.

(262 S. E. (2d) 18)

162

*Thomas M. Boulware, of Brown, Jefferies & Boulware,* Barnwell, *for appellant.*

*Robert T. Bockman and William E. Booth, III,* Columbia, *for respondent.*

January 14, 1980.

GREGORY, Justice:

Appellant Greyhound Lines, Inc. (Greyhound), appeals from an order of the lower court refusing to vacate or set aside action taken by respondent South Carolina Public Service Commission (Commission) in granting a certificate of public convenience and necessity to Robert W. Turner and Lester B. Carson d/b/a United Courier (United Courier).

We affirm.

Before reaching and disposing of the issues raised on appeal, we note the well-settled scope of this Court's review of orders of the Commission subsequently

affirmed by the circuit court. The findings of the Commission are presumptively correct; its orders are likewise presumed valid and reasonable, and have the force and effect of law. This Court will not set such an order aside unless it is found by a convincing showing to be unsupported by evidence or to embody arbitrary or capricious action as a matter of law. *Chemical Leaman Tank Lines, Inc. v. South Carolina Public Service Commission,* 258 S. C. 518, 189 S. E. (2d) 296 (1972); *Southern Bell Telephone and Telegraph Company v. Public Service Commission,* 270 S. C. 590, 244 S. E. (2d) 278 (1978); See: 13 Am.Jur. (2d) *Carriers,* § 98; 60 C.J.S. *Motor Vehicles* § 92(11)(b).

We are called upon to apply the above noted standard of review to the Commission's findings in the instant case that the public convenience and necessity justified granting the certificate, and that the applicant was fit, willing and able to perform the proposed service.

These findings of fitness and public convenience and necessity are set forth in Rule 103-134, Rules and Regulations of the South Carolina Public Service Commission:

103-134.   Proof Required to Justify Approving an Application.

1. For Common Carrier Authority.

A. An application for a certificate or to amend a certificate to operate as a common carrier by motor vehicle will not be approved except upon a showing:

1. That the applicant is fit, willing, and able to appropriately perform the proposed services, and

2. That public convenience and necessity are not already being reasonably served in the territory by existing authorized service.

B. Uncorroborated testimony of the applicant is insufficient to establish public convenience and necessity.

C. After considering all of the relevant evidence including that of the protestants, if any, if the applicant, in the opinion of the Commission, has by a preponderance of the evidence proven points one and two in 1(a) of this section, then it must issue the corresponding certificate. Nothing herein will be construed to prevent the Commission from limiting the scope of the authority applied for or adding restrictions thereto if the greater weight of the evidence justifies either limiting or restricting the authority granted.

■ Although the applicant before the Commission must prove public convenience and necessity and fitness by a preponderance of the evidence, R 103-134(1)(C), whether or not the applicant has met its burden depends upon the weight and credibility assigned to the evidence presented, which is a matter "pecularly within the Commission's province." *Southern Bell, supra,* 244 S. E. (2d) at 282.

■ We shall not displace the Commission's judgment with that of our own even though reasonable minds may differ as to the findings if there is evidence in the record reasonably supporting those findings. *Chemical Leaman, supra;* 13 Am.Jur. (2d), *Carriers,* § 98; See *Laws v. Richland County School District No. 1,* 270 S. C. 492, 243 S. E. (2d) 192 (1978).

United Courier applied for and received a Class E Certificate from the Commission entitling it to perform motor freight service over irregular routes statewide. See Section 58-23-260, Code of Laws of South Carolina (1976).

The Commission's authority to grant the various certificates of public convenience and necessity is conferred by statute. Section 58-23-210, 1976 Code.

In support of its application United Courier presented the testimony of two businessmen separately engaged in the shipping of, among other things, small packages originating at their respective places of business and destined for locations throughout the State.

These witnesses evinced a need for a particular freight service which they found to be unfulfilled by existing carrirs: a small package pickup and delivery service providing daily or "next day" available transportation. This need was not speculative, as in *Chemical Leaman*, but was articulately a definite and present need for the service which United Courier proposed.

Although both shippers were satisfied with the service of existing carriers with respect to shipments of large quantities, their needs were not being met for the transporting of packages weighing 150 pounds or less.

■■ Greyhound argues that the evidence was insufficient to support a finding of statewide need. We disagree. Both supporting witnesses shipped goods throughout South Carolina. An applicant should not be required to demonstrate public convenience and necessity as to every point in the State. See *In re Lefebvre*, 343 A. (2d) 204 (Me. 1975).

Greyhound also contends that the evidence suggests only an occasional or emergency need, but the shippers' testimony in our view indicates the contrary. These businessmen demonstrated a need for the prompt, regular delivery of small packages from their respective warehouses to various customer destinations statewide. They testified Greyhound's service was inadequate to meet this need. Thus, there is evidence which reasonably supports more than an occasional need.

■■ Greyhound next maintains that the granting of United Courier's certificate will result in a detrimental diversion of Greyhound's income. This is a consideration sometimes relevant to a determination of public convenience and necessity. 60 C.J.S. *Motor Vehicles* § 90(2). However this factor is not determinative, as loss of revenue by existing carriers should not in itself defeat an application for addiional service. Id.

The Commission's consideration of the effect on competition is implicit in its limitations and restrictions imposed on

United Courier's certificate. Moreover, R 103-134 contains no mention of the effect of certification on existing carriers as a consideration, but requires only a showing that the "public convenience and necessity are not already being reasonably served . . . by existing authorized service."

The evidence reasonably supports the Commission's finding relative to public convenience and necessity.

With regard to the question of United Courier's fitness to perform the proposed service, Greyhound argues that lack of proof as to the applicant's true legal identity forecloses the Commission's ability to determine how responsibility is to be fixed within the proposed business. This is a Commission requirement as to applicants operating under a trade name. R 103-132, Rules and Regulations of the Commission.

■ Turner testified that although he and his partner Carson had no written partnership agreement, they had a verbal agreement as to the United Courier venture. Their intention was to operate the proposed business as a corporation, which would be effected immediately upon receipt of authority from the Commission to operate. Turner and Carson would be the shareholders, and guarantee the financial stability of the corporation. Financial statements were filed with the application.

The Commission and the lower court found this to be sufficient compliance with its rules and regulations. We agree with this finding on the record before us.

■ Greyhound further attacks the fitness of the applicants themselves. Although inexperienced in the field of motor freight, the applicants presented a sound and thoughtful approach to the set-up and operation of the proposed business. The daily management would be in the hands of a man with twenty-three years' experience in the field. Turner's personal history also disclosed his many years of success in business.

This evidence substantially supports the Commission's finding of fitness. See 60 C.J.S. Motor Vehicles §§ 90(6), 91.

The order of the Commission granting United Courier a Class E Certificate was neither arbitrary or capricious, nor lacking in reasonable evidentiary support. The order of the lower court is accordingly affirmed.

Affirmed.

LEWIS, C.J., and LITTLEJOHN, NESS and RHODES, JJ., concur.