22590

CENTRAL TRANSPORT, INC., Respondent v. The SOUTH CAROLINA PUBLIC SERVICE COMMISSION, Fleet Transport, Chemical Leaman Tank Lines, Inc., Kenan Transport, Infinger Transportation Company, Inc., and Matlack, Inc., Defendants, of whom The South Carolina Public Service Commission and Matlack, Inc., are Appellants.

(346 S. E. (2d) 25)

Supreme Court

*Arthur G. Fusco* and *Sarena D. Burch,* both of *S. C. Public Service Com'n,* Columbia, *for appellant S. C. Public Service Com'n.*

*Robert T. Bockman* of *McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble, P.A.,* Columbia, *for appellant Matlack, Inc.*

*Thomas A. Boulware* of *Brown, Jefferies & Boulware,* Barnwell, *for respondent.*

Heard June 2, 1986.

Decided July 7, 1986.

HARWELL, Justice:

Matlack, Inc. (Matlack) applied for a Class E Certificate of Public Convenience and Necessity to render certain motor freight transportation over irregular routes within South Carolina. The South Carolina Public Service Commission (Commission) approved Matlack's application, except for the portion pertaining to petroleum and petroleum products. On appeal, the circuit court reversed the Commission's decision and remanded the matter for cancellation of the certificate. Matlack and the Commission appealed. We reverse the decision of the circuit court.

Prior to March 1, 1984, the Commission's rules provided that an application for a certificate would not be approved except on a showing that (1) the applicant was fit, willing, and able to appropriately perform the

proposed services, and (2) the public convenience and necessity was not already being reasonably served in the territory by existing authorized service. If the applicant proved both of these points by a preponderance of the evidence, then the Commission had to issue the certificate. S. C. Code Ann. Vol. 26, Regs. 103-134(A) & (C) (1976). The legislature amended the regulations by enacting S. C. Code Ann. § 58-23-330 (Supp. 1985). This section provides that an applicant applying for a certificate to operate as a motor vehicle common carrier may be approved upon a showing that the applicant is fit, willing, and able to appropriately perform the proposed service; provided, however, if an intervenor shows or if the Commission determines that the public convenience and necessity is already being served, the Commission may deny the application. There is no question that Matlack is fit, willing, and able to perform the proposed service. The dispute in this case centered around whether the intervenors showed that the public convenience and necessity was already being served. The Commission found that, with the exception of petroleum and petroleum products, the intervenors failed to make this showing. The Commission's orders are presumptively correct and have the force and effect of law. *South Carolina Electric and Gas Company v. Public Service Commission,* 275 S. C. 487, 272 S. E. (2d) 793 (1980).

Appellants contend that the circuit court exceeded its scope of review in the present case. We agree. The Administrative Procedure Act provides that the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. S. C. Code Ann. § 1-23-380(g) (1976, as amended). The circuit court reversed the Commission's decision because it found it to be "[c]learly erroneous in view of the reliable, probative and substantial evidence on the whole record." S. C. Code Ann. § 1-23-380(g)(5) (1976, as amended). It is a close question in this case whether the record contains sufficient evidence on which to uphold the Commission's decision and counsel for both sides did an excellent job in advocating their respective positions. There is no doubt that two different conclusions could be reached based on the evidence presented to the Commission. As we reiterated in *Palmetto Alliance v. South Carolina Public Service Commission,* 282 S. C. 430, 432, 319

S. E. (2d) 695, 696 (1984), "Substantial evidence is something less than the weight of the evidence and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. *Ellis v. Spartan Mills*, 276 S. C. 216, 277 S. E. (2d) 590 (1981)." Where reasonable minds might differ, the Commission's decision may not be set aside. *Greyhound Lines v. South Carolina Public Service Commission*, 274 S. C. 161, 262 S. E. (2d) 18 (1980). After a thorough search of the record of the hearing before the Commission, we find that the Commission's decision is supported by substantial evidence.

The record reveals that one industry representative was aware of occasions when equipment was not available from the other common carriers when his company needed it. A representative of another industry testified that he was aware of at least one instance in the past six months when necessary equipment was not provided to his company. A representative from a third company testified that Matlack had special chassis equipment which his company could utilize in its containerization moves. Due to the logistic setup at his plant, Matlack was the only carrier that could handle the job for his company. A recurring complaint about the common carriers currently licensed to operate in South Carolina was their lack of ability to provide rubberlined trailers when required. This testimony supports the Commission's decision that the public convenience and necessity was not being served.

As this Court recently stated, "The test to be applied is not whether the reviewing appellant tribunal might have reached a different conclusion but, rather, whether the conclusion reached by [the agency] is 'clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.' *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981)." *Kearney v. Allen*, 287 S. C. 324, 338 S. E. (2d) 335, 337 (1985). The conclusion reached by the circuit court amounted to a substitution of judicial discretion for that of the Commission. Such a decision must be reversed. *See* S. C. Code Ann. § 1-23-380(g) (1976, as amended).

Reversed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.