292 S.C. 199 (1987)
355 S.E.2d 536
CITY OF COLUMBIA, Appellant
v.
BOARD OF HEALTH AND ENVIRONMENTAL CONTROL, Respondent.
22713
Supreme Court of South Carolina.
Heard September 15, 1986.
Decided April 27, 1987.
*200 Roy D. Bates, James S. Meggs and Joseph Wettlin, all of City Attorney's Office, Columbia, for appellant.
Walton J. McLeod, III, and John Harleston, both of S.C. Dept. of Health and Environmental Control, Columbia, for respondent.
Heard Sept. 15, 1986.
Decided April 27, 1987.
NESS, Chief Justice:
Appellant (Columbia) appeals from an order which affirmed an order of the Board of Health and Environmental Control (Board). The Board's order required Columbia to acquire by condemnation or negotiation, two private sewer systems owned by Midlands Utility (Midlands) in compliance with the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C.A. §§ 4601 to 4655 (1983). In the alternative, Columbia could allow Midlands to connect to its trunk line on a wholesale customer basis. The Board further ordered that should Columbia elect to acquire the systems, it must eliminate them in accordance with the regulations of the Department of Health and Environmental Control (DHEC). The circuit *201 court held the Board has the authority to order Columbia to acquire these properties. We agree and affirm.
In accordance withe the Federal Clean Water Act of 1977, 33 U.S.C.A §§ 1251 to 1376 (1986), the Central Midlands Regional Planning Council sought, and was granted, approval of a 201 Sewage Facilities Plan (201 plan). 33 U.S.C.A. § 1281 (1986). The 201 plan identifies what wastewater treatment facilities are necessary to efficiently meet the needs of the Columbia metropolitan area. Pursuant to this plan, Columbia applied for and received an Environmental Protection Agency (EPA) grant to construct the Crane Creek trunk line. This line was constructed to make possible the elimination of all discharge into Crane Creek. The two systems at issue here, while not specifically listed in Columbia's grant application as systems to be eliminated, are within the Crane Creek basin.
Subsequently, a 208 Areawide Waste Treatment Management Plan (208 plan) was developed and approved. 33 U.S.C.A. § 1288 (1986). The 208 plan addresses wastewater treatment needs for Fairfield, Newberry, Richland and Lexington counties and incorporates the earlier 201 plan. This plan calls for the phaseout of individual sewage treatment plants in the Crane Creek basin. It further provides that the Crane Creek trunk line will eventually become the interceptor sewer for all discharge points within the basin area.
Columbia refused to allow Midlands to tie into the Crane Creek trunk line unless title to the systems was transferred to Columbia. Midlands refused to transfer title without compensation.
Midlands had operated its systems under the authority of National Pollutant Discharge Elimination System (NPDES) permits, which allowed Midlands to discharge into Crane Creek. When these permits expired in 1983, they were not reissued by DHEC. DHEC is prohibited from issuing a NPDES permit which would conflict with an approved 208 plan. 33 U.S.C.A. § 1288(e) (1986). Since the 208 plan requires the phaseout of the two Midlands systems, DHEC properly refused to reissue the permits.
Pursuant to the Pollution Control Act, S.C. Code Ann. §§ 48-1-10 to -350 (1987), DHEC issued a rule to show cause directed to Midlands Utility, Columbia, and Richland *202 County, to show cause why DHEC should not take action to require compliance with the Pollution Control Act, the Federal Clean Water Act, and the 208/201 plan. Columbia answered, asserting DHEC had no authority or jurisdiction to require it to do anything. The Board found otherwise, and its order was affirmed. Midlands and Richland County have not appealed from the order of the Board.
The Pollution Control Act empowers DHEC to "[t]ake all action necessary or appropriate to secure to this State the benefits of the Federal Clean Water Act...." S.C. Code Ann. § 48-1-50(17) (1987). Further, DHEC is authorized to "[p]repare and develop a general comprehensive program for the abatement, control and prevention of air and water pollution,"; to "[a]ccept, receive and administer grants or other funds for the purpose of carrying out any of the purposes of this chapter ...."; and, to "[a]pprove projects for which loans or grants under the Federal Water Pollution Control Act ... are made by any municipality ..." § 48-1-50(9), (12), (15). In addition, S.C. Code Ann. § 48-1-20 (1987), declares the legislative purpose of the Act and gives DHEC the authority "to abate, control and prevent pollution."
As creatures of statute, regulatory bodies are possessed only of those powers which are specifically delineated. South Carolina Electric and Gas Co. v. South Carolina Public Service Commission, 275 S.C. 487, 272 S.E. (2d) 793 (1980). By necessity, however, a regulatory body possesses not only the powers expressly conferred on it but also those which must be inferred or implied for it to effectively carry out the duties with which it is charged. Carolina Water Service, Inc. v. South Carolina Public Service Commission, 272 S.C. 81, 248 S.E. (2d) 924 (1978); Beard-Laney, Inc. v. Darby, 213 S.C. 380, 49 S.E. (2d) 564 (1948).
DHEC is charged with the responsibility of insuring that the waters of the State are as free of pollutants as possible. The delegation of authority to an administrative agency is construed liberally when the agency is concerned with the protection of the health and welfare of the public. In re Review of Health Care Admin. Board, 83 N.J. 67, 415 A. (2d) 1147, appeal dismissed, 449 U.S. 944, 101 S.Ct. 342, 66 L.Ed. (2d) 208 (1980).
*203 Columbia, by voluntarily entering into the field of wastewater treatment, made itself susceptible to regulation by DHEC. The 208/201 plan provides that the elimination of all discharge into Crane Creek will be accomplished by the diversion of the discharges into the Crane Creek trunk line. This sewer is owned and operated by Columbia and was constructed with EPA funds. The authority for the Board's order is necessarily implied from DHEC's express authority to administer EPA grants and to approve projects constructed with grant funds. Columbia cannot be allowed to thwart the achievement of the goal of the 208/201 plan.
Columbia's argument that the provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 do not apply is without merit. The Act sets out the procedures to be followed when an EPA funded project, and its necessary incidents, will result in the acquisition of real property. City of Columbia v. Costle, 710 F. (2d) 1009 (4th Cir.1983). It is undisputed that the Crane Creek trunk line was funded by an EPA grant. Columbia agreed to comply with the Act when it accepted the grant; if it chooses to acquire the Midlands systems, it must follow the mandates of the Act in doing so.
Columbia's remaining exceptions are without merit and are disposed of pursuant to Supreme Court Rule 23. The order of the trial court is
Affirmed.
GREGORY, HARWELL and FINNEY, JJ., concur.
CHANDLER, J., not participating.