1117

ANDERSON ARMORED CAR SERVICE, INC., and Wells Fargo Armored Service Corporation, Respondents v. The SOUTH CAROLINA PUBLIC SERVICE COMMISSION and Pinkerton's, Inc., Appellants.

(367 S. E. (2d) 444)

Court of Appeals

*H. Clay Carruth,* of *South Carolina Public Service Commission,* and *Robert T. Bockman,* of *McNair Law Firm,* Columbia, *for appellants.*

*Richard C. Otter,* of *Otter & Williams,* Anderson, *Harry A. Chapman, Jr., Chapman, Harter & Groves,* Greenville, and *David E. Wells,* Atlanta, Ga., *for respondents.*

Heard Nov. 16, 1987.

Decided March 14, 1988.

· BELL, Judge:

This is a proceeding for judicial review of an order of the South Carolina Public Service Commission. The Commission granted the application of Pinkerton's, Inc., for a certificate of public convenience and necessity to render certain regulated motor carrier services within South Carolina. Upon the petition of Anderson Armored Car Service, Inc., and Wells Fargo Armored Services Corporation, two competing carriers who intervened before the Commission, the circuit court reversed the Commission's decision and remanded with instructions to cancel the certificate of Pinkerton's. The Commission and Pinkerton's appeal. We reverse the judgment of the circuit court.

The issue before us is one of statutory construction. The General Assembly has authorized the Commission to grant certificates of public convenience and necessity to motor carriers to provide intrastate transportation services. *See* Section 58-23-210, Code of Laws of South Carolina, 1976, as amended. The Legislature has also prescribed the standard to govern the issuing of such certificates:

> [N]otwithstanding any regulation or other provision of law, an applicant applying for a certificate or applying to amend a certificate to operate as a motor vehicle common carrier may be approved upon a showing the applicant is fit, willing, and able to appropriately perform the proposed service; provided, however, if an intervenor shows or if the Commission determines that the public convenience and necessity is already being served, the Commission may deny the application.

Section 58-23-330, Code of Laws of South Carolina, 1976, as amended.

In this case, Pinkerton's applied for a certificate to transport cash, negotiables, and commercial paper in order to service automated teller machines for banks and other financial institutions. Evidence before the Commission showed that many banks presently service their own automated teller machines. However, there is an increasing trend for banks to hire outside companies to service the machines for them. Anderson Armored Car and Wells Fargo are two companies presently providing this service in South Carolina. There is a profitable and growing market for the service in this State. The Commission found that Pinkerton's showed it is fit, willing, and able to perform the proposed service. It also found that the intervenors failed to show that the public convenience and necessity is already being served. On that basis it granted the certificate.

The circuit court overturned the Commission's decision on the ground that the Commission misallocated the burden of showing whether the public convenience and necessity is being served. Once Pinkerton's established it could appropriately perform the proposed services, the Commission required the *intervenors* to show that the public convenience

and necessity *is* already being served. The circuit court held this was error:

> I find that Section 58-23-330 requires in those cases where the application is opposed by other carriers that the *applicant* present enough evidence of public support for the Commission to make a finding that the public convenience and necessity *are not* already being served in the territory by existing carriers. [Emphasis added.]

The circuit court's interpretation of Section 58-23-330 is at odds with the text of the statute itself. The statute permits the Commission to grant the certificate if the applicant shows it is fit, willing, and able to perform the proposed service. It goes on to provide the Commission *may* deny the application "if an *intervenor shows* or if the Commission determines that the public convenience and necessity *is* already being served." (Emphasis added.)

If the adequacy of existing service to meet the public convenience and necessity is in issue, the quoted language plainly requires the intervenor to prove the affirmative; it does not remotely suggest the applicant must prove the negative. Nor does it shift the burden of showing public convenience and necessity to the applicant simply because someone has intervened to oppose the application.

Although the issue presented by this appeal was not raised in *Central Transport, Inc. v. South Carolina Public Service Commission,* 289 S. C. 267, 346 S. E. (2d) 25 (1986) the Supreme Court's remarks in that case about the burden of proof before and after the enactment of Section 58-23-330 support our interpretation of the statute.

For the reasons stated, the judgment of the circuit court is reversed.

Reversed.

SHAW and CURETON, JJ., concur.