1289

WELCH MOVING AND STORAGE CO., INC., d/b/a Welch Moving Systems, Appellant v. The PUBLIC SERVICE COMMISSION OF SOUTH CAROLINA, Respondent.

(377 S. E. (2d) 133)

Court of Appeals

*Robert T. Bockman,* of *McNair Law Firm,* Columbia, *for appellant.*

*H. Clay Carruth* of *South Carolina Public Service Commission,* Columbia, *for respondent.*

Heard Dec. 12, 1988.

Decided Feb. 6, 1989.

SHAW, Judge:

Appellant, Welch Moving and Storage Co., Inc., d/b/a Welch Moving Systems, applied to respondent, the Public Service Commission of South Carolina, for a certificate of public convenience and necessity. The Commission denied the application and Welch sought judicial review in the circuit court. From an order affirming the Commission's denial, Welch appeals. We affirm.

Welch applied to the Commission for a certificate of public convenience and necessity to transport household goods as a regulated motor carrier within South Carolina. Upon notification of the application, two parties intervened in opposition to Welch with one of the parties withdrawing

prior to the hearing. During a public hearing on the matter, the remaining intervenor, Austin Moving and Storage Company, Inc., presented testimony of its own corporate officer and that of three other persons affiliated with competing motor carriers. Their testimony sought to establish there was not enough business in the area to support another mover and, therefore, public convenience and necessity were already being served. Upon consideration of the evidence presented at the hearing, the Commission made detailed findings of fact and concluded the public convenience and necessity were already served by the existing motor carriers providing intrastate service within the area. The Commission therefore denied Welch's application.

Two issues have been raised by Welch on appeal. These are (1) whether a protesting carrier can prove satisfaction of public convenience and necessity without evidence of public witnesses and (2) whether the findings of fact of the Commission are supported by substantial evidence.

I.

Welch first contends the trial court erred in affirming the Commission's determination that public convenience and necessity were being met based on testimony which failed to include public witnesses. Previously, the burden of proof was on the applicant to show public convenience and necessity was not already being served. *Central Transport v. S. C. Public Service Commission*, 289 S. C. 267, 346 S. E. (2d) 25 (1986). However, S. C. Code Ann. § 58-23-330 (Supp. 1987) was later enacted which provides:

Effective March 1, 1984, notwithstanding any regulation or other provision of law, an applicant applying for a certificate or applying to amend a certificate to operate as a motor vehicle common carrier may be approved upon a showing the applicant is fit, willing and able to appropriately perform the proposed service; provided, however, *if an intervenor shows or if the Commission determines that the public convenience and necessity is already being served, the Commission may deny the application.* (emphasis added)

Nowhere does the statute expressly require the intervenor to produce public witnesses as evidence that convenience and necessity are already being served. Also, we think it important to note the language of the statute "or the Commission determines." This language suggests the Commission has great latitude in its findings on public convenience and necessity. The construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons. *Dunton v. S. C. Board of Examiners in Optometry*, 291 S. C. 221, 353 S. E. (2d) 132 (1987). We find no such compelling reasons and therefore affirm the Commission and lower court.

## II.

Welch further argues the findings of fact by the Commission are unsupported by substantial evidence. The Commission found the evidence supported the conclusion that public convenience and necessity were met by the existing carriers. Our scope of review of Commission orders subsequently affirmed by the circuit court is limited and the findings of the Commission are presumptively correct, having force and effect of law. *S. C. Electric and Gas Company v. Public Service Commission*, 275 S. C. 487, 272 S. E. (2d) 793 (1980). This court will not set aside such an order unless it is found by a convincing showing to be unsupported by evidence or to embody arbitrary or capricious action as a matter of law. *Greyhound Lines, Inc. v. S. C. Public Service Commission*, 274 S. C. 161, 262 S. E. (2d) 18 (1980). Testimony was presented from persons affiliated with four different motor carriers who move household goods intrastate within this particular region. These persons testified as follows:

1. Their company had the capacity to handle more moves than they were currently handling.

2. Their company had suffered a decrease in the number of intrastate moves over the past few years.

3. Their company's fixed costs had risen tremendously.

4. Their revenues for intrastate moving were down.

5. Further saturation of the market would cause financial instability resulting in damage to the quality of moves.

We therefore hold the evidence supports the findings of the Commission as to public convenience and necessity.

The order below is affirmed.

BELL, J., concurs.

CURETON, J., concurs in result only.