23188

WELCH MOVING AND STORAGE CO., INC., d/b/a Welch Moving Systems, Petitioner v. The PUBLIC SERVICE COMMISSION OF SOUTH CAROLINA, Respondent.

(391 S.E. (2d) 556)

Supreme Court

*Robert T. Bockman* and *Elizabeth F. Mallin* of the *McNair Law Firm, P.A.*, Columbia, *for petitioner.*

*H. Clay Carruth*, Columbia, *for respondent.*

Heard Jan. 22, 1990.

Decided April 2, 1990.

CHANDLER, Justice:

We granted certiorari to review the Court of Appeals' decision in *Welch Moving and Storage Co., Inc., v. The Public Service Commission of South Carolina*, 297 S.C. 378, 377 S.E. (2d) 133 (Ct. App. 1989), and now reverse.

## FACTS

Petitioner, Welch Moving and Storage Co. (Welch), applied to Respondent, Public Service Commission (PSC), for a certificate of public convenience and necessity to move household goods within South Carolina. Pursuant to S.C. Code

Ann. § 58-23-330 (Cum. Supp.1989),[1] Austin Moving and Storage Company (Austin) intervened, contending that issuance of a certificate to Welch would not serve the public convenience and necessity.

PSC denied Welch's application; Circuit Court and Court of Appeals affirmed.

## ISSUE

The sole issue we address is whether PSC's finding is supported by substantial evidence.

## DISCUSSION

Under the Administrative Procedures Act (APA), this Court may not substitute its judgment for that of a state agency as to the weight of evidence on questions of fact. S.C. Code Ann. § 1-23-380(g) (Cum. Supp. 1986). However, we may reverse or modify decisions which are clearly erroneous in view of the substantial evidence on the whole record. S.C. Code § 1-23-380(g)(5). "Substantial evidence is not a mere scintilla of evidence nor evidence viewed blindly from one side, but is evidence which, when considering the record as a whole, would allow reasonable minds to reach the conclusion that the agency reached . . ." *Palmetto Alliance v. Public Service Commission*, 282 S.C. 430, 432, 319 S.E. (2d) 695, 696 (1984).

Here, in deciding that grant of a certificate to Welch would not serve the public convenience and necessity, PSC relied exclusively upon the testimony of four licensed carriers from the midlands and upstate regions.

These carriers, potential competitors of Welch, testified that, due to a decrease in business, existing carriers were left with excess capacity to handle a greater number of moves.

---

[1] Section 58-23-330 provides: An applicant applying for a certificate or applying to amend a certificate to operate as a motor vehicle common carrier may be approved upon a showing based on criteria established by the commission that the applicant is fit, willing, and able to perform appropriately the proposed service. *If an intervenor shows or if the commission determines that the public convenience and necessity is being served already, the commission may deny the application.* [Emphasis supplied].

Additionally, one carrier testified that increased competition would cause cutbacks, resulting in less expensive but inferior quality service.

No expert testimony or statistical surveys were ■ presented to indicate that the public convenience is being served. The carriers' testimony related primarily to concerns that increased competition would adversely affect their businesses. Although detriment to the income of existing carriers is relevant, it is not determinative and "should not in itself defeat an application for additional services." *Greyhound Lines, Inc. v. S.C. Public Service Commission,* 274 S.C. 161, 166, 262 S.E. (2d) 18, 21 (1980).

This record contains no substantial evidence that the ■ public interest and necessity are presently being served throughout the State of South Carolina. Since Welch applied for a statewide certificate, testimony relating only to the midlands and upstate regions was clearly insufficient.

Accordingly, the Court of Appeals' decision is reversed and the case remanded to PSC for issuance of a certificate to Welch.

Reversed and remanded.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.