DECISION
Before this Court is an appeal by McLaughlin Moran, Inc. (Petitioner) from the May 18, 1994 Decision of the Department of Business Regulation (DBR). The DBR ruled that Petitioner's request for an order directing its prior insurance carrier, Fireman's Fund Insurance Company (Fireman's Fund) retroactively to refund worker's compensation premiums was outside the Insurance Commissioner's statutory authority and was against the terms of the insurance contract between Fireman's Fund and Petitioner. Jurisdiction is pursuant to R.I.G.L. 1956 (1993 Reenactment) § 42-35-15.
FACTS AND CASE TRAVEL
In July of 1980, Petitioner's employee sustained injuries in a restaurant during the course of his employment. This employee filed a worker's compensation claim and received benefits from Aetna Casualty Surety (Aetna), Petitioner's worker's compensation insurance carrier at the time. Additionally, the employee initiated legal action against the restaurant and Aetna filed a lien against this lawsuit. DBR's Decision, May 18, 1994, at 3.
In 1982, Fireman's Fund succeeded Aetna as Petitioner's worker's compensation insurer. As a result of the employee's claim, Petitioner's experience modification factor was affected for years 1982, 1983 and 1984, wherein the premiums charged by Fireman's Fund were increased due to the prior loss. Id. In 1984, Fireman's Fund ceased insuring Petitioner. Id. In 1988, the lawsuit initiated by Petitioner's employee against the restaurant was settled with $18,961.88 paid to Aetna in satisfaction of its lien. Id.
In 1982, Petitioner attempted to secure a refund from Fireman's Fund for the higher premiums paid in 1982, 1983 and 1984, arguing that Aetna's subrogation recovery should result in a lower experience modification factor for these three years. Fireman's Fund denied the refund request. Id at 4. The National Council on Compensation Insurance (NCCI) informed Fireman's Fund that it had revised the experience modification factor for Petitioner's worker's compensation coverage for policy years 1982-1984 as an accommodation only, and NCCI had no authority to order Fireman's Fund to refund the premiums. Id. The matter went before the Rhode Island Worker's Compensation Appeals Board, which also ruled that it was not within the scope of its authority to direct a carrier to issue a refund on policies that had expired up to ten years earlier. Id. at 1. Petitioner appealed this ruling to the DBR pursuant to R.I.G.L. §27-9-29. On May 18, 1994, DBR denied Petitioner's appeal based upon the hearing officer's following conclusions that:
 (1) The Insurance Commissioner does not have the statutory authority to order a retroactive refund of premium, and
 (2) The Experience Rating Plan Manual (Manual) and Rhode Island Worker's Compensation Policy (Policy) restricts the recalculations of experience modifications to a three-year period. Id. at 15.
The Petitioner appeals the DBR's Decision arguing the DBR's finding that the Insurance Commissioner did not have the statutory authority to issue retroactive relief is a clear error of law; that Petitioner was charged excessive premiums by Fireman's Fund for worker's compensation coverage during years 1982-1984; and the DBR's finding that the authority of the Insurance Commissioner is limited or time barred by the Manual is a clear error of law.
STANDARD OF REVIEW
The review of a decision of the Department of Business Regulation by this Court is controlled by R.I.G.L. §42-35-15(g), which provides for review of a contested administrative agency decision:
 42-35-15
 Section (g) of the statute reads as follows:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or to the weight of the evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988). Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the DBR's decision. Newport Shipyard. Inc. v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial Evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswell v.George Sherman Sand Gravel Co., 129 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the administrative agency.Berberian v. Dept. of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record. Milardo v. CoastalResources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon this Court and may be reviewed to determine what the law is and its applicability to the facts. Carmody v. Rhode Island Conflicts of InterestCommission, 509 A.2d at 458. (citing Narragansett Wire Co. v.Norberg, 376 A.2d 1, 6 (R.I. 1977)). This Court is required to uphold the administrative agency's findings and conclusions if they are supported by competent evidence. Rhode Island PublicTelecommunications Authority v. Rhode Island State LaborRelations Board, 650 A.2d 479, 484-485 (R.I. 1994).
Furthermore, judicial deference to an administrative agency decision is proper and necessary when the agency's decision is based on highly specialized knowledge of a particular matter within the agency's expertise. Robert E. Derecktor of RhodeIsland. Inc. v. U.S., 762 F. Supp. 1019, 1022 (D.R.I. 1991). An agency's interpretation is given controlling weight unless clearly erroneous or inconsistent with the law. Citizens SavingsBank v. Bell, 605 F. Supp. 1033, 1041 (D.R.I. 1985).
THE AGENCY DECISION
The Insurance Commissioner derives statutory authority to decide issues with respect to insurance rates from R.I.G.L. §27-9-1. The Petitioner argues that the Insurance Commissioner has the statutory authority to order a retroactive refund of premiums charged to Petitioner for years 1982 through 1984. The DBR rejected this argument and concluded that the Insurance Commissioner lacked the statutory authority to issue a retroactive refund of premium in this matter. DBR's Decision at 15. Petitioner argues that this holding constitutes clear error of law because the Insurance Commissioner derives the specific statutory authority to issue retroactive refunds from R.I.G.L. §§ 27-9-1, 27-9-4 and 27-9-29. Additionally, Petitioner argues that the DBR committed a clear error of law in placing reliance on Liguori v. Aetna Insurety Co., 384 A.2d 308 (R.I. 1978), in interpreting the statutory provisions because the Liguori case is not applicable to the present matter. Each of these arguments lacks merit.
The statutory sections cited by Petitioner do not explicitly authorize the Insurance Commissioner to issue a retroactive refund of premiums. In Liguori, our Supreme Court limited the authority of the Insurance Commissioner. As head of a regulatory body, the Insurance Commissioner may exercise only those powers which, either expressly or by reasonable implication, are conferred upon him by the General Assembly. Id. at 312. The Rhode Island Supreme Court stated in Liguori that "[c]onspicuously absent from Title 27 is any suggestion that the [Insurance] Commissioner as part of his authority can provide such relief as ordering the reinstatement of insurance coverage to a disgruntled policy holder." Id. at 312. The DBR correctly interpreted Liguori in concluding that "the statute neither explicitly or implicitly grants the Commissioner the power to order a carrier to refund a premium several years after the policy period due to a subrogation." DBR's Decision at 17-18.
Petitioner cites Hamm v. Central State Health and Life,386 S.E.2d 250 (S.C. 1988), in support of its position. Although a South Carolina decision has no precedential weight in a Rhode Island administrative proceeding or Superior Court appeal, the hearing officer heard arguments concerning the Hamm decision for guidance in this matter. The DBR correctly determined that Hamm
involved the issue of whether the Insurance Commissioner had the authority to order a refund where the rate charged the insured was unlawful. In Hamm The South Carolina Supreme Court held that S.C. Code Ann. § 38-3-110(1)(Supp. 1987), which imposes a duty on the Insurance Commissioner to supervise and regulate rates, by reasonable and necessary implication, confers the authority to order refunds, when the rates charged are determined to have been unlawful. Id. at 254 (emphasis added). The Court inHamm cited South Carolina Electric Gas v. Public ServicesCommission, 272 S.E.2d 793, 795 (S.C. 1980), which held that the Commission did not have any implied power to award refunds in the nature of reparations for past rates; such power must be expressly conferred by statute. Hamm at 254. The South CarolinaElectric Gas court further held that the Public Services Commission did not have the authority to direct refunds pursuant to past approved lawful rates because to do so would allow retroactive ratemaking. Hamm at 253 (emphasis added).
The record does not contain any allegations or arguments that the rates charged to Petitioner were unlawful. The hearing officer noted that Petitioner is not challenging the rates as applied for years 1982-1984 or arguing that these rates were unlawful when imposed; rather, Petitioner is seeking additional money because circumstances changed several years later when the case was subrogated. DBR's Decision at 18. Thus, the Hamm case as guiding authority was correctly distinguished from the facts of Petitioner's case.
The Petitioner next argues that it was charged excessive premiums by Fireman's Fund for worker's compensation coverage during years 1982-1984. Petitioner argues in its brief that the premiums charged by Fireman's Funds were excessive because if the subrogation had occurred between 1982 and 1984, Petitioner's experience modification would have been revised resulting in a lower premiums. Petitioner's Brief at 11. However, the Hearing Officer concluded that the premiums charged to Petitioner for 1982-1984 were correctly calculated pursuant to the requirements of the Manual and the terms of the Policy. A review of the entire record indicates that the Hearing Officer had legally competent evidence to support this finding. Fireman's Fund wrote Petitioner as a new business in 1982, carrying a loss on its books as a result of the employee's claim. This was a factor for NCCI to consider to calculate the appropriate experience modification and approved premium.
Finally, Petitioner contends that DBR's conclusion that the authority of the Insurance Commissioner to issue a refund is time barred by the Manual or the Policy is a clear error of law. The hearing officer concluded that the Manual restricts the recalculation of experience modifications to a three-year period.DBR's Decision at 15. Policy § 5(a) provides that all premiums for insurance policies are determined by manuals of rules, rates, rating plans, and classifications. DBR Decision at 5. The Manual and Worker's Compensation Statistical Plan both published by NCCI are incorporated therein by reference and govern the relationship between Fireman's Fund and Petitioner.Id. Fireman's Fund, as a member of NCCI, was bound to operate by the provisions of the Manual as approved by the State of Rhode Island and as directed for use by the DBR. Id. at 9.
The Hearing Officer heard testimony from Jeffrey Johnson, the chairperson of the Rhode Island Worker's Compensation Appeals Board, and Douglas Brown, an expert witness for Petitioner. In his decision, the hearing officer stated in part:
. . . the first applicable portion is Section C-2, Part 2 which discusses the experience to be used in a rating. This section states that the experience period to be used in a risk modification generally consists of three years . . . Therefore, to view the experience period beyond three . . . years, is prohibited. Second, Section 4, Part Two, establishes the timeframe for recalculation of experience modifications. Here, only the current and two preceding experience modification factors can be viewed, for a total of three-years experience. Moran's argument that this provision does not restrict the insured from collecting overcharge premiums is inaccurate. In order for Moran to have collected a premium, the recovery would have had to occur in either 1982, 1983 or 1984 . . . it may appear to be unfair to Moran in not allowing it to recover the additional premium. However, the insurer would also be prohibited from seeking additional monies had the insured incurred an unanticipated loss during the three-year experience period. Therefore, both the insurer and the insured are precluded from collecting additional monies outside the three-year period.
DBR's Decision at 16-17.
The Hearing Officer interpreted the Manual which both parties agreed was controlling and determined that the experience modification calculation incorporates changes that occur within a three-year period of time only, and no provision existed in the Manual which allows a carrier to issue a refund beyond the three-year period. Id. at 14. This finding is based on sufficient, competent evidence as presented in the whole record.
After a thorough review of the entire record in this matter, this Court finds that the DBR's Decision is supported by substantial competent evidence and was not made upon unlawful procedure or in violation of constitutional or statutory provisions, or other error of law. Substantial rights of the petitioner have not been prejudiced. Accordingly, the May 18, 1994 Decision of the Department of Business Regulation is affirmed.