## 21115

GREYHOUND LINES, INC., Appellant, v. The SOUTH CAROLINA
PUBLIC SERVICE COMMISSION, Respondent.

(262 S. E. (2d) 22)

*Thomas M. Boulware,* of *Brown, Jefferies & Boulware,* Barnwell, *for appellant.*

*Robert T. Bockman* and *William E. Booth, III,* Columbia, *for respondent.*

January 14, 1980.

GREGORY, Justice:

Appellant Greyhound Lines, Inc. (Greyhound), appeals from an order of the lower court refusing to vacate or set aside action taken by respondent South Carolina Public Service Commission (Commission) in granting a certificate of public convenience and necessity to Carolina Travellers, Inc. (Carolina). We affirm.

Carolina applied for and received a Class C Certificate enabling it to perform a proposed charter bus service originating in Spartanburg County only with chartered trips to points and places throughout South Carolina. See Section 58-23-240, Code of Laws of South Carolina (1976).

The controlling legal principles are those found in the case of *Greyhound Lines, Inc. v. South Carolina Public Service Commission,* Opinion No. 21114, ... S. E. (2d) ..., Smith's Advance Sheet No. 3 (1980), filed simultaneously herewith, which involves the application of Robert W. Turner and Lester B. Carson d/b/a United Courier for a Class E Certificate.

We have carefully reviewed the record to ensure that the Commission's order granting the certificate was reasonably supported by the evidence and not the

result of arbitrary or capricious action as a matter of law. *Greyhound,* supra. The granting of the certificate is conditioned upon Carolina's showing of fitness to perform the proposed service and that the public convenience and necessity justified the Commission's granting it. Rule 103-134, Rules and Regulations of the South Carolina Public Service Commission; *Greyhound,* supra.

With regard to the showing of public convenience and necessity, the record contains substantial evidence to support the Commission's finding, which we affirm under Rule 23 of the Rules of Practice of this Court.

The critical issue in our view is the question of fitness. The corporate applicant in this case rested solely on its application and the testimony of its bus driver, Carolina's only employee. None of the officers, directors or shareholders came forward in support of the application. Generally, such a showing would be insufficient to warrant a finding of fitness. See 60 C. J. S., *Motor Vehicles* §§ 90(6), 91.

Furthermore the Commission's order lacks any specific findings relative to Carolina's fitness. Although specific findings are preferred, and indeed the better practice, there is no requirement that the Commission's order granting a certificate of public convenience and necessity contain specific findings. *Atlantic Coast Line Railroad Company v. South Carolina Public Service Commission,* 245 S. C. 229, 139 S. E. (2d) 911 (1965).

However, without some indication of arbitrariness such as an absence of supportive evidence, we will presume valid the Commission's order, *Chemical Leaman Tank Lines, Inc. v. South Carolina Public Service Commission,* 258 S. C. 518, 189 S. E. (2d) 296 (1972), and assume that the Commission in granting the certificate deemed the evidence presented a sufficient showing of Carolina's fitness.

The bus driver's testimony established Carolina's physical ability to furnish the proposed service, and it appears from his testimony that Carolina had also

submitted a financial statement attached to its application. With charter origination limited to Spartanburg County for destinations within the state, equipment consisting of only one bus and the bus driver being the sole company employee, Carolina is not a significant enterprise. In view of the limited charter service Carolina proposes to provide, substantial evidence was presented that the applicant was fit, willing and able to perform the charter service.

Accordingly, the order of the lower court is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.