22033

Ray F. PATTON, Jr. d/b/a PPR&M Environmental Systems Company, Appellant, v. The SOUTH CAROLINA PUBLIC SERVICE COMMISSION, Respondent.

(312 S. E. (2d) 257)
Supreme Court

*William E. Booth, III*, Columbia, *for appellant.*

*Arthur G. Fusco* and *C. Dukes Scott*, Columbia, *for respondent.*

January 19, 1984.

HARWELL, Justice:

In this utility rate case, appellant Ray F. Patton, Jr., appeals from a South Carolina Public Service Commission Order affirmed by the Circuit Court. We affirm and adopt so much of the court's order as is applicable to this appeal.

Appellant owns and operates a sole proprietorship, PPR & M Environmental Systems Company (PPR & M), which provides sewerage service to eight residential subdivisions, three commercial customers, and one elementary school in the upstate. On May 30, 1980, PPR & M filed an application with the respondent Public Service Commission (the Commission) seeking approval for increased rates. In its order dated August 22, 1980, the Commission approved a rate increase, but in an amount lower than that requested by appellant.

As the Circuit Court stated, "The instant appeal concerns the following matters: (1) the provisions of the Commission Order which find and conclude that an operating margin of 6.88% for the combined systems is fair and reasonable; (2) the provisions of the Commission Order which find and conclude that an expense for uncollectibles of 1% of revenue is appropriate; and (3) the provisions of the Commission Order which find and conclude that the rates approved for Linville Hills Subdivision shall not become effective until such time as the system has been upgraded to the standards set by the Department of Health and Environmental Control (DHEC), and such upgrading has been certified to and inspected by the Commission Staff.

Pursuant to S. C. Code Ann. § 1-23-380 (1982), a court may not substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact. The findings of the Commission are presumptively correct and have the force and effect of law. *South Carolina Electric and Gas Co. v. Public Service Commission*, 275 S. C. 487, 272 S. E. (2d) 793 (1980). Therefore, the burden of proof is

on the party challenging an order of the Commission to show that it is unsupported by substantial evidence and that the decision is clearly erroneous in view of the substantial evidence on the whole record. *Cf. Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981). The Public Service Commission is recognized as the "expert" designated by the legislature to make policy determinations regarding utility rates; thus, the role of a court reviewing such decisions is very limited. *See, e.g., Southern Bell Tel. and Tel. Co. v. Public Service Comm.*, 270 S. C. 590, 244 S. E. (2d) 278 (1978).

The essence of the first issue raised by the Complaint is that an operating margin of 6.88% is unfair and unreasonable as it constitutes a low return to the owner of PPR & M for time invested in his utility business. In considering this issue the Court notes with particularity S. C. Code Ann. § 58-5-210 (1976), which grants to the Commission the 'power and jurisdiction to supervise and regulate the rates and service of every public utility in this State. . . .' The record of this proceeding indicates that the Commission, in determining the just and reasonable operating margin for PPR & M, examined the relationship between the Company's expenses, revenues and investment in an historic test period as well as the quality of service provided to its customers. After due consideration of these factors, the Commission, in exercising its statutorily delegated authority, approved a schedule of rates and charges for sewerage service rendered by PPR & M that resulted in an operating margin of 6.88% for its combined operations. In so doing, the Commission discussed the decisions of *Bluefield Water Works and Improving Co. v. Public Service Commission of West Virginia*, 262 U. S. 679, 43 S. Ct. 675, 67 L. Ed. 1176 (1923) and *Federal Power Commission v. Hope Natural Gas Co.*, 320 U. S. 591, 64 S. Ct. 281, 88 L. Ed. 333 (1944) which provide that the Commission does not insure through regulation that a utility will produce net revenues or profits such as are realized or anticipated in highly profitable enterprises or speculative ventures. The Commission's Order reveals that in allowing an operating margin of 6.88%, PPR & M was given the opportunity to earn $6,454 total income for return after payment of its expenses. Thus, the Commission did allow the utility an operating margin which would produce substantial net revenues.

The Court finds that the determination of a fair operating margin is peculiarly within the province of the Commission and cannot be set aside in the absence of a showing that it is unsupported by the substantial evidence in the record. The Court concludes that an operating margin of 6.88% for the combined operations of PPR & M is fair and reasonable, was clearly within its regulatory power, and is fully supported by the substantial evidence in the record.

The Plaintiff also raises as an issue in its Complaint the reasonableness of the Commission allowing an expense for uncollectibles of 1% of revenues. Although the record does reveal that this actual percentage is in many instances higher than 1%, the Court finds that it is within the Commission's statutorily delegated power to determine the amount of such an expense that will be charged to the ratepayers. The Court considers this type of determination to be within the Commission's authority to supervise and regulate the rates and service of public utilities, and ascertain and fix just and reasonable standards, classifications, practices and measurements of service to be furnished, imposed, observed and followed by public utilities pursuant to S. C. Code Ann. § 58-2-210 (1976). The Court finds that the Commission's allowance of an uncollectible expense of 1% of revenues provides an incentive for the utility to engage in good business practices and pursue payment on past due accounts rather than including these as an expense to be borne by other ratepayers.

Based upon a review of the testimony and evidence presented at the Commission hearing on this matter and the Commission's resulting Order, this Court finds no reason to reverse the Commission's decision to allow utilities of this type to include for ratemaking purposes an uncollectible expense of 1% of revenues.

Appellant's third ground for appeal alleges that the Commission acted arbitrarily and capriciously in finding that the rates approved for Linville Hills Subdivision shall not become effective until such time as the system has been upgraded to DHEC's standards and such upgrading has been certified to and inspected by the Commission Staff. The record indicates that a substantial amount of testimony was presented to the Commission by the customers of PPR & M as well as testimony presented by the Director of Appalachian — 3 District

of DHEC concerning complaints about the quality of service rendered by PPR & M to its customers in the Linville Hills Subdivision.

The Commission is given the statutory authority pursuant to S. C. Code Ann. § 58-5-210 (1976) to supervise and regulate the service of every public utility in this State. In so exercising that power, the Commission must be allowed the discretion of imposing reasonable requirements on its jurisdictional utilities to insure that adequate and proper service will be rendered to the customers of the utility companies. As stated in the case of *State Ex rel. Util. Com'n v. General Tel. Co.*, 285 N. C. 671, 208 S. E. (2d) 681 (1974), ". . . The quality of service rendered is, necessarily, a factor to be considered in fixing the 'just and reasonable' rate therefor." In this instance, rather than reduce the rates and charges found reasonable for sewerage service rendered in Linville Hills Subdivision because of the poor quality of service, the Commission chose to give the utility company the opportunity and incentive to upgrade the system. Upon such upgrading, it could then charge the full schedule of rates and charges found reasonable for service rendered at the upgraded quality level. The fact that such upgrading had been accomplished would be evidenced by a certification that applicable DHEC standards had been met.

The Court finds that there is substantial evidence in the record to indicate that the Commission had a legitimate cause to be concerned about the quality of service being provided in the Linville Hills Subdivision. The Court also finds that the Commission acted properly and reasonably and within the parameters of its statutory authority in predicating the increase in rates and charges for service rendered in the Linville Hills Subdivision upon upgrading the sewer system there to meet applicable DHEC standards."

After a review of the Orders of the Commission and the Circuit Court and the record in this case, it cannot be said that the Commission acted arbitrarily and capriciously in its treatment of the three issues presented by this appeal.

We, accordingly, affirm.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.