22535

Steven W. HAMM, Consumer Advocate for the State of South Carolina, Appellant v. The SOUTH CAROLINA PUBLIC SERVICE COMMIS-SION and Motor Truck Rate Bureau, Inc., Respondents.

(344 S. E. (2d) 600)

Supreme Court

*Steven W. Hamm, Raymon E. Lark, Jr.*, and *Nancy J. Vaughn, South Carolina Dept. of Consumer Affairs,* Columbia, *for appellant.*

*Arthur G. Fusco, Sarena D. Burch, South Carolina Public Service Commission, for respondent South Carolina Public Service Commission.*

*Charles E. Hill,* of *Turner, Padget, Graham & Laney,* Columbia, *for respondent, Motor Truck Rate Bureau, Inc.*

Heard Feb. 12, 1986.

Decided April 28, 1986.

FINNEY, Justice:

Appellant Steven W. Hamm, Consumer Advocate of South Carolina, appeals from an order of the lower court affirming the South Carolina Public Service Commission's (Commission) order granting Motor Truck Rate Bureau, Inc., (MTRB) an eight (8%) percent rate increase.

The sole issue before this Court is whether there is reliable, probative and substantial evidence in the record to support the approval of MTRB's request for an eight percent rate increase. We conclude that there is substantial evidence in the record and affirm the lower court's order.

On June 7, 1984, MTRB submitted an application to the Commission for an eight percent increase in rates for carriers of bulk petroleum, except liquified petroleum gas. On August 6, 1984, MTRB filed a separate application with the Commission for emergency authority to increase rates by five (5%) percent to offset a recent increase in the Federal highway use tax and diesel differential. MTRB estimated the cost of the federal tax increase on motor carriers would be approximately ninety-one thousand nine hundred sixty-eight ($91,968.00) dollars. MTRB had also relied on this increase in federal taxes as part of its justification for the eight percent rate relief sought. The Consumer Advocate

intervened in both applications; but after agreement among all interested parties, the Advocate agreed not to participate in a hearing on the five percent emergency rate relief, so long as MTRB did not receive double recovery for the Federal highway use tax and diesel differential.

On October 16, 1984, the morning of the hearing on the application for the eight percent increase, the Commission issued an order granting MTRB's five percent emergency rate request. After the hearing on the eight percent rate increase, the Commission issued an order on November 9, 1984, granting MTRB the full eight percent. The Consumer Advocate petitioned for reconsideration of the Commission's order, alleging that MTRB would receive a double recovery for the use tax and diesel differential should the eight percent increase continue in effect, and that the operating ratios contained in the order were erroneous. The Commission granted the petition and corrected the operating ratio figures, but it did not disturb its earlier order granting the eight percent rate increase. The Advocate then appealed this action to the circuit court, which affirmed the Commission's orders.

The scope of this Court's review of orders of the Public Service Commission is limited. *Patton v. South Carolina Public Service Commission,* 280 S. C. 288, 312 S. E. (2d) 257 (1984); *Greyhound Lines, Inc., v. South Carolina Public Service Commission,* 274 S. C. 168, 262 S. E. (2d) 22 (1980); *Lark v. Bi-Lo, Inc.,* 276 S. C. 130, 276 S. E. (2d) 304 (1981); and *Southern Bell Telephone and Telegraph Co. v. Public Service Commission of South Carolina,* 270 S. C. 590, 244 S. E. (2d) 278 (1978). The law governing this appeal may be best summarized as follows:

> Pursuant to S. C. Code Ann. Section 1-23-380 (1982), a court may not substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact. The findings of the Commission are presumptively correct and have the force and effect of law. (Citation omitted). Therefore, the burden of proof is on the party challenging an order of the Commission to show that it is unsupported by substantial evidence and the decision is clearly erroneous in view of the substantial evidence on the whole record. (Citation omitted).

The Public Service Commission is recognized as the "expert" designated by the legislature to make policy determinations regarding utility rates; thus, the role of a court reviewing such decisions is very limited.

*Patton, supra,* 312 S. E. (2d) at 259.

The decision of the Commission must be sustained if there is substantial evidence to support it. This Court has defined substantial evidence in the context of administrative agency decisions as:

> [N]ot a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action.

> . . . . .

> [S]uch relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.

*Lark v. Bi-Lo, Inc., supra,* 276 S. E. (2d) at 306-307.

The Consumer Advocate contends that the circuit court erred in finding that the reliable, probative and substantial evidence in the record supported the Commission's award to MTRB of the full eight percent rate increase because: 1) The Commission granted a double recovery for the Federal use tax and diesel differential; and 2) the resulting operating ratio is not supported by the evidence nor the application for rate relief. We disagree.

## I.

It is evident from the record that the interrelationship between the two separate rate applications and the effect of the federal tax expenses were thoroughly discussed and taken into consideration by the Commission. The transcript

of the hearing reveals that the Consumer Advocate questioned MTRB regarding the separate rate applications, and as to whether it would be double recovery to include the $91,968.00 of federal tax expenses as justification in both applications. Witnesses for MTRB conceded that, given the five percent emergency rate increase granted earlier, it was no longer appropriate to include the $91,968.00 as a justification for the separate eight percent increase. Appropriate mathematical calculations were made at the hearing to delete the federal expenses in question from the original eight percent rate request.

MTRB continued to maintain, however, that the full eight percent increase originally sought was still justifiable. Witnesses for MTRB testified that the five percent emergency increase would merely offset the impact of certain increases in federal taxes, and that it was a *break-even* proposition. There was also testimony that the five percent rate increase did not take into consideration all of the increased federal tax expenses, and that there was a significant time lag between the date the federal taxes went into effect and the date of the Commission's order granting the five percent increase. MTRB also noted that while its expenses have increased, it has not received any rate relief for well over three (3) years.

The Commission determined that the evidence supported the granting of the full eight percent rate increase to MTRB, notwithstanding the deletion of the $91,968.00 of federal expenses given as part of the justification in the rate request. The weight and credibility to be assigned to the evidence is a matter peculiarly within the province of the Commission, *Greyhound Lines, Inc., v. South Carolina Public Service Commission*, 274 S. C. 161, 262 S. E. (2d) 18 (1980).

## II.

The Commission utilizes the operating ratio index in determining the fairness and reasonableness of rates for motor carrier services. An operating ratio is derived by dividing a carrier's operating expenses by the operating revenues. As stated in the application, the eight percent rate request would have produced a projected operating ratio of ninety-five and seven-tenths (95.7%) percent.

After adjustments were made for the deletion of the $91,968.00 in federal tax expenses, which was given as part of the justification for the eight percent rate increase, the Commission in its order granting the petition for reconsideration, found ninety-three and seven-tenths (93.7%) percent to be the appropriate operating ratio.

MTRB testified that traditionally an operating ratio of ninety-three (93%) percent had been the acceptable standard in the industry. However, MTRB questioned whether this standard was still sufficient given the current conditions. The record is devoid of any evidence contradicting the Commission's finding that 93.7% is the appropriate operating ratio. We also note that the Advocate did not request an extension of time or continuance to gather additional data to support its position regarding the appropriate operating ratio.

The Consumer Advocate argues that MTRB originally sought a 95.7% operating ratio, and therefore, the Commission exceeded its authority in granting a more favorable operating ratio. We disagree. It was within the Commission's authority to determine whether the entire eight percent should be granted based on all the evidence presented in the case. The determination of a fair operating margin, or in this case, a fair operating ratio is "peculiarly within the province of the Public Service Commission and cannot be set aside in the absence of a showing that it is unsupported by the substantial evidence in the record." *Patton v. South Carolina, supra,* 274 S. C. at 292, 312 S. E. (2d) at 259. A reviewing court does not have the expertise or authority to fix the rate of return to which regulated entities are entitled. *Southern Bell Telephone and Telegraph Company, supra,* 244 S. E. (2d) at 282.

## Conclusion

The Commission has the statutory authority to fix or approve rates of motor carriers, S. C. Code Ann., Section 58-23-1010 (1976). In accordance with this authority and R. 103-194, Volume 26, S. C. Code Ann. (1976) of the Commission's Rules of Practice and Procedure, the Commission found that the "composite financial condition of the carriers" warranted the approval of the eight percent rate

request. This rate increase would enable affected carriers to continue to provide necessary transportation services at the lowest cost and provide the carriers with the opportunity to realize a reasonable operating ratio.

We are of the opinion, and agree with the lower court, that there was substantial evidence to support the Commission's granting the full eight percent sought by MTRB, even after the separate five percent emergency rate increase was granted. Both the issues of double recovery and the appropriate operating ratio were before the Commission, and the Commission did not abuse its authority in granting the eight percent rate increase. The Consumer Advocate failed to sustain its burden of proof that the findings were clearly erroneous in view of the reliable, probative and substantial evidence in the record and that the Commission's decision was arbitrary or capricious. We affirm the order of the lower court.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.