23255

Steven W. HAMM, Consumer Advocate for the State of South Carolina, Appellant v. AMERICAN TELEPHONE AND TELEGRAPH COMPANY and South Carolina Public Service Commission, Respondents.

(394 S.E. (2d) 842)

Supreme Court

*Steven W. Hamm, Raymon E. Lark, Jr.,* and *Carl McIntosh,* of *S.C. Dept. of Consumer Affairs,* Columbia, *for appellant.*

*Francis P. Mood,* of *Sinkler & Boyd,* Columbia, *for AT&T.*

*Marsha A. Ward,* of *S.C. Public Service Com'n,* Columbia, *for respondents.*

Heard April 16, 1990.

Decided Aug. 6, 1990.

HARWELL, Justice:

This appeal involves an order which modified the content of and the frequency at which interexchange carriers (IXC's) must file surveillance reports and the retroactive application of such order. We affirm.

## I. FACTS

On August 24, 1987, respondent Public Service Commission (Commission) received a petition from respondent American Telephone & Telegraph Company (AT&T) requesting that the Commission eliminate its requirement that IXC's file surveillance reports. A surveillance report is one that provides a summary of a local exchange company's or an IXC's operations for a specific period of time. Surveillance reports reflect revenues, expenses, rate base items, and capital structure which are used to develop a rate of return and break down the different jurisdictional and nonjurisdictional amounts from the total company figure for the specific time period. The filing of surveillance reports by IXC's was initially required by the Commission in Order No. 83-871 issued December 28, 1983. Later, by Order No. 84-143 issued Febru-

ary 29, 1984, the surveillance report requirement was modified by the Commission without a hearing to provide for quarterly reports rather than monthly reports for certain companies.

Appellant Steven W. Hamm (consumer advocate) as well as all IXC's were made parties to the proceedings. A public hearing was held and the Commission subsequently issued Order No. 88-178 on February 18, 1988, finding that: (1) surveillance reports are necessary and should not be eliminated; (2) information contained in surveillance reports previously required to be filed with the Commission is subject to the Freedom of Information Act (FOIA) and could be market sensitive; (3) the information required in the surveillance reports should be modified and streamlined; and (4) all IXC's will be required to file surveillance reports as outlined in the order on an annual, calendar, or fiscal year basis beginning with operations after January 1, 1984. The Commission also denied the consumer advocate's motion requesting that the Commission deny AT&T's request in its entirety until all parties were in compliance with the Commission's former requirements set forth in the prior order as to the filing of surveillance reports.

Thereafter, the consumer advocate filed a petition for rehearing and reconsideration which was denied by the Commission. The consumer advocate then filed a petition for judicial review. The circuit court affirmed the order of the Commission. This appeal follows.

## II. DISCUSSION

### A. SCOPE OF REVIEW

An appeal from an action of the Commission is governed by the provisions of the South Carolina Administrative Procedures Act. *Lark v. BiLo,* 276 S.C. 130, 276 S.E. (2d) 304 (1981). The decision of an administrative agency must be sustained if there is substantial evidence to support it. *Id.* The consumer advocate has the burden of proving convincingly to this Court that the orders of the Commission are unsupported by the evidence or embody arbitrary or capricious action as a matter of law. *Greyhound Lines, Inc. v. South Carolina Public Service Commission,* 274 S.C. 161, 262

S.E. (2d) 18 (1980); *Greyhound Lines, Inc. v. South Carolina Public Service Commission*, 274 S.C. 168, 262 S.E. (2d) 22 (1980). Thus, the burden of the consumer advocate is a heavy one.

The findings of the Commission are presumptively correct. *Parker v. South Carolina Public Service Commission*, 281 S.C. 22, 314 S.E. (2d) 148 (1984). The Commission's orders are presumed valid and reasonable, and have the force and effect of law. *Greyhound Lines, Inc. v. South Carolina Public Service Commission*, 274 S.C. at 164, 262 S.E. (2d) at 20. This Court cannot substitute its judgment for that of the Commission upon a question as to which there is room for a difference of intelligent opinion. *Chemical Leaman Tank Lines v. South Carolina Public Service Commission*, 258 S.C. 518, 189 S.E. (2d) 296 (1972). Further, a determination of whether a party has met his burden depends upon the weight and credibility assigned to the evidence presented, which is a matter peculiarly within the Commission's province. *Greyhound Lines, Inc. v. South Carolina Public Service Commission*, 274 S.C. at 165, 262 S.C. at 20.

B. WHETHER SUFFICIENT FINDINGS OF FACT EXIST UNDER THE ABLE STANDARD TO SUPPORT THE COMMISSION'S ACTIONS IN ORDER NO. 88-178

The consumer advocate argues that under the ruling set forth in *Able Communications, Inc. v. South Carolina Public Service Commission*, 290 S.C. 409, 351 S.E. (2d) 151 (1986), Order No. 88-178 does not set forth findings to support the Commission's decision requiring non-complying IXC's to file modified surveillance reports for the prior years that such reports were due. We disagree. *Able* holds that in order to comply with S.C. Ann. § 1-23-350 (1986), the findings of fact of an administrative body must be sufficiently detailed to enable a reviewing court to determine whether the findings are supported by the evidence and whether the law has been properly applied to those findings. *Able* does not require any particular format for the findings of facts.

Here, we find that Order No. 88-178 sufficiently sets forth findings of fact so as to comply with the standards set forth in *Able*. Included in the Commission's

findings and conclusions, was specifically that information contained in the surveillance reports could be market sensitive and that because it could be obtained by the public under the FOIA, the reports should be modified and streamlined in a manner as suggested by a staff witness. Although under the order's heading, "III. FINDINGS AND CONCLUSIONS," the Commission does not recite the underlying reasons for its conclusion in a regimented style, the underlying reasons are adequately set forth under the order's heading, "II. DISCUSSION." For example, the Commission's conclusion that information contained in surveillance reports could be market sensitive and should be modified and streamlined is overwhelmingly supported by the Commission's "discussion" of the testimony of various witnesses who stated that the information could be used to various IXC's disadvantage by their competitors who had access to the reports.

Although it would have been the better practice for the Commission to set forth its underlying reasons for its factual findings and conclusions in a more organized and regimented manner, we find that the consumer advocate has failed to convincingly demonstrate to this Court that the standards set forth in *Able* have not been complied with.

Consequently, we find that Order No. 88-178 contains adequate findings supporting the Commission's decision modifying the frequency of the filing and format of the surveillance reports, as well as requiring the non-complying ISC's to file modified surveillance reports for the years 1984 forward. The order does not contain, as the consumer advocate alleges, a simple rehashing of conflicting testimony of several witnesses. Thus, Order No. 88-178 is not deficient as was the order in *Able* which contained no findings. In the future however, we suggest that the Commission set forth in a separate and definite manner, its findings and conclusions and the underlying reasoning for them.

## C. RETROACTIVE EFFECT OF ORDER NO. 88-178

Order No. 83-871 issued in 1983 provided for monthly surveillance reports. Order No. 83-871 was modified by Order No. 84-143 issued in 1984 to provide for quarterly surveillance reports. In 1988, the Commission issued Order No. 88-178 which retroactively rescinded the previous

orders by requiring that all IXC's file modified surveillance reports on a streamlined annual basis beginning January 1, 1984. The consumer advocate argues that the Commission violated S.C. Code Ann. § 58-9-1180 (1976) and acted in an arbitrary and capricious manner by giving Order No. 88-178 retroactive effect and therefore, legitimizing those IXC's not in compliance with the two prior orders such that they can now file modified reports on a yearly streamlined basis from January 1, 1984. We disagree. Section 58-9-1180 states:

> The Commission may at any time, except in those cases provided for in § 58-9-1200, after notice and after opportunity to be heard as provided in the case of compliance, rescind or amend any order or decision made by it. Any order rescinding or amending a prior order or decision, after notice hereof, either personal or by mail, is given to the telephone utility affected and to the other parties to the proceedings, shall have the same effect as is herein provided for original orders or decisions, but no such order shall affect the legality or validity of any acts done pursuant to the original order before service of notice of such change.

Contrary to the consumer advocate's position, Section 58-9-1180 does not stand for the proposition that the Commission may rescind or amend an order or decision prospectively, but not retroactively. We accept the circuit court's interpretation of Section 58-9-1180 that the purpose of the statute is to protect the actions of a telephone utility pursuant to a valid Commission order before being noticed of any change. Thus, Section 58-9-1180 would come into play in a situation where a subsequent order of the Commission has changed the legality or validity of actions taken by a telephone utility pursuant to a prior order of the Commission.

It is clear that Section 58-9-1180 contemplates that the Commission has the authority to modify or amend its own orders. Further, we find that the circuit court was correct in determining that S.C. Code Ann. 58-9-370 (1976) gives the Commission the authority to make changes that it deems necessary in regard to these reports. The modification and allowance of non-complying IXC's to file information for prior years on a modified basis, is not an impermissible retroactive

ratemaking type activity, but an administrative, discretionary decision relating to the filing of information as required by the Commission for its own purpose.

We are unpersuaded by the consumer advocate's argument that this case must be reversed because of the rule set forth in *Parker v. South Carolina Public Service Commission*, 280 S.C. 310, 313 S.E. (2d) 290 (1984) that an agency may not ignore its previously established rationale. This rule is inapplicable to these facts. Obviously, the Commission has not changed its interpretation or construction of a previous order. The Commission still maintains the requirement that all IXC's must file specified information so that it can continue to monitor the companies' operation. The Commission has merely altered the filing requirement, an administrative decision that was made after affording all affected and interested parties an opportunity to be heard.

Additionally, the consumer advocate alleges that it will be difficult or impossible for the Commission to compare detailed monthly and quarterly data supplied by AT&T to the modified reports which must be filed by all non-complying IXC's for the years prior to Order No. 88-178. This argument is without merit. First, the Commission will be able to compare the data of the pertinent broad categories of all the IXC's. Although the information required under the modified surveillance reports pursuant to Order No. 88-178 is not as detailed, it is basically the same as that required by previous orders and is comparable. Also, the information is not necessarily compared against the other IXC's, but on an individual IXC's year-to-year trend. Thirdly, this information is primarily for the Commission's use to fulfill a legislative mandate to supervise the rates and service for every telephone utility in the State. The information the Commission requires to be filed, the manner in which it is to be filed, and how it is to be used in monitoring IXC's, is within the Commission's discretion. Consequently, the retroactive application of Order No. 88-178 is neither arbitrary or capricious, does not violate Section 58-9-1180, and is properly within the authority of the Commission.

D. WHETHER SUBSTANTIAL EVIDENCE EXISTS TO MODIFY THE SURVEILLANCE REPORTING RE- QUIREMENT FROM A QUARTERLY TO AN AN- NUAL BASIS AND THE CONTENT REQUIRE- MENTS

The consumer advocate argues that the Commission acted arbitrarily and capriciously by modifying the frequency and contents of the surveillance reports because the modifications were not supported by substantial evidence. We disagree.

As to the modification that surveillance reports be filed on an annual rather than a quarterly basis, Order No. 88-178 makes a finding that the information required in the reports should be modified and streamlined in a similar manner to that suggested by AT&T's witness, Kathleen A. Cummings. Order No. 88-178 also discusses the recommendations of witness Cummings relating to the modified and streamlined report: "AT&T would recommend that the Commission require all IXC's to provide an abbreviated income statement report showing only broad categories of revenues and expenses to be filed on an annual basis at least ninety (90) days after the end of the reporting year." Order No. 88-178 also sets forth the Commission's staff witness, William P. Blume's, testimony: "[w]itness Blume also stated that the Commission Staff believes that each IXC should be ordered to file an annual report . . ." The consumer advocate's contention that the Commission's order fails to cite *any* facts to support an annual reporting requirement is baseless.

Moreover, the "substantial evidence" test does not require that the Commission "cite" to facts, but that the evidence is contained in the record as a whole. *Palmetto Alliance, Inc. v. South Carolina Public Service Commission*, 282 S.C. 430, 319 S.E. (2d) 695 (1984). For example, the record reflects that AT&T's witness Cummings stated that annual reports would provide the Commission with a more accurate picture of IXC's earnings in South Carolina, would coincide with IXC's internal accounting periods, and not be as difficult to comply with. That IXC's file annual rather than quarterly surveillance reports is supported by substantial evidence. This is particularly true in light of the minimal evidence presented to support a quarterly filing.

The consumer advocate next argues that there is no evidence contained in Order No. 88-178 to support the streamlining of surveillance reports on the basis that such information is market sensitive. We disagree and find that there is ample evidence in the order and the record supporting the Commission's finding that the information contained in the surveillance reports could be market sensitive.

Order No. 88-178 sets forth the following statement:

> AT&T believes that much of the information contained in the surveillance reports relating to AT&T's revenues and operating expenses is market sensitive and should not be made available to competitors. AT&T is particularly concerned that its own reports have been available to other IXC's who have in turn have not filed their required report.

The order also set forth SoutherNet Services, Inc.'s opinion that this information is market sensitive in that it could be used to its detriment by competing carriers and a similar opinion held by a witness for U.S. Sprint Communications Company. The record also contains other evidence supporting the market sensitivity of this information; AT&T's witness, Cummings, stated, "[i]f somebody else can be looking at what revenues we're earning in the states, one of our competitors knows how much we're spending relative to marketing expenses. So, virtually, I think all of it is market sensitive." Consequently, the Commission did not act arbitrarily or capriciously in modifying the reporting format so that market sensitive information would be more protected.

We have reviewed the evidence contained in the order and the record as a whole and find that the type of information required and the manner in which the surveillance reports are to be streamlined, is supported by the weight of the evidence. Therefore, we will not overturn the findings of the Commission particularly where as here, the Commission has a great deal of expertise in this area and has determined that a greater weight should be placed on witnesses other than the consumer advocate's. As stated above, what information the Commission requires to be filed and how it is to be used in monitoring IXC's is within the Commission's discretion as long as it continues to fulfill its statutory obligation to super-

vise the rates and service for South Carolina telephone utilities and does not act in an arbitrary or capricious manner.

## III. CONCLUSION

Order No. 88-178 is not in violation of any statutory or constitutional provisions and is not affected by other error of law. The consumer advocate has failed to demonstrate to this Court that Order No. 88-178 is unsupported by the evidence or embodies arbitrary or capricious action as a matter of law. The order is not clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, but rather is supported by such evidence. Further, the Commission's actions were totally within its authorized discretion. We affirm the opinion of the circuit court which affirmed the order of the Commission.

Affirmed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.