23869

Steven W. HAMM, Consumer Advocate for the State of South Carolina, Appellant v. SOUTH CAROLINA PUBLIC SERVICE COMMISSION and Carolina Water Service, Inc., Respondents.

(432 S.E. (2d) 454)

Supreme Court

*Steven W. Hamm, Raymon E. Lark Jr.,* and *Elliott F. Elam, Jr.,* Columbia, *for appellant.*

*Marsha A. Ward* and *F. David Butler*, Columbia, *for respondent South Carolina Public Service Com'n.*

*Mitchell M. Willoughby* and *B. Craig Collins*, of *Willoughby & Hoefer, P.A.*, Columbia, and *Rex Carter* of *Carter, Smith, Merriam, Rogers and Traxler*, Greenville, *for respondent Carolina Water Service, Inc.*

Heard Oct. 13, 1992.

Decided June 7, 1993.

FINNEY, Justice:

The State Consumer Advocate appeals from an order of the trial judge which affirmed prior findings of the Public Service Commission granting a rate increase to Carolina Water Service. The issues presented for review involve 1) the level of total operating expenses, 2) an environmental surcharge, and 3) plant impact fees. We affirm in part and reverse in part.

On February 2, 1990, Carolina Water Service, Inc. (CWS) filed an application with the Public Service Commission (the Commission) for approval of a new schedule of rates and charges for water and sewer service. The Commission established docket number 89-610-W/S to consider CWS's request. The Consumer Advocate filed a Petition to Intervene on April 4, 1990, and was made a party of record.

On June 13, 1990, the Commission conducted an evidentiary hearing, which was followed by a night hearing for members of the general public. On August 1, 1990, by Order No. 90-694, the Commission approved an increase in rates, an environmental impact surcharge, and continued previous plant impact fees approved in Order No. 89-573, dated June 5, 1989. The Consumer Advocate petitioned the Commission for rehearing, and on September 21, 1990 the Commission issued Order 90-940, denying rehearing. The Consumer Advocate then filed a petition for judicial review. The Circuit Court affirmed the order of the Commission. This appeal follows.

### A. SCOPE OF REVIEW

An appeal from an action of the Commission is governed by the provisions of the South Carolina Administrative Procedures Act. *Hamm v. American Telephone*

& *Telegraph Co.*, 302 S.C. 210, 394 S.E. (2d) 842 (1990), *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E. (2d) 304 (1981). The decision of an administrative agency must be sustained if there is substantial evidence to support it. *Id.* The Court cannot substitute its judgment for that of the Commission upon a question as to which there is room for a difference of intelligent opinion. *Hamm v. American Telephone & Telegraph Co., supra, Chemical Leaman Tank Lines v. South Carolina Public Service Commission*, 258 S.C. 518, 189 S.E. (2d) 296 (1972). The Consumer Advocate must prove convincingly to this Court that the PSC's order is unsupported by the evidence or that it embodies arbitrary or capricious action as a matter of law. *Hamm v. American Telephone and Telegraph Co.*, 302 S.C. 210, 394 S.E. (2d) 842 (1990).

Substantial evidence means " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' . . . This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Hamm v. South Carolina Public Service Commission and Wild Dunes Utilities, Inc.*, — S.C. —, 422 S.E. (2d) 118 (1992), [quoting] *Lark v. Bi-Lo, Inc., supra.*

B. WHETHER THE COMMISSION'S APPROVAL OF THE LEVEL OF OPERATING EXPENSES WAS PROPER AND SUPPORTED BY SUBSTANTIAL EVIDENCE.

The Consumer Advocate argues that CWS did not meet its burden of proving that the increased operating expenses were reasonable, necessary, and appropriate expenses to be passed on to its ratepayers. We disagree.

The Consumer Advocate questions the appropriateness of particular direct general expenses, indirect expenses and expenses related to CWS' computer operations. The record reveals that over a five-year period CWS experienced a 44% increase in operation and maintenance expenses, and a 93% increase in general expenses. The reasonableness of these expenses was explained by CWS's witness, Carl J. Wenz. The order of the circuit court discusses the testimony of Wenz.

"[T]he reasons for the increase in expenses . . . included 1) increased salaries from the expanded level of operations of some systems, 2) increased use of chemicals for improvement of water quality and the dramatic increase in their costs, 3) increased maintenance expenses (approximately $300,000 over the period), reflecting aging of the systems and an upgrade in their degree of quality, 4) increased environmental related costs, such as for sludge hauling and water testing required by the Safe Drinking Water Act, and 5) dramatic increases in insurance costs, including health and liability insurance."

In addition, Wenz revealed that CWS experienced customer growth of approximately 19% during the period in question, which increased revenues by $500,000. Adjusted for customer growth, combined expenses actually increased only approximately 33%, or little more than 7% annually. Order No. 90-940 also notes that the Commission staff audited the expenses of CWS using established auditing procedures, and the staff made adjustments for nonallowable expenses and included only allowable expenses associated with the test period.

The substantial evidence test does not require that the Commission cite to facts, but that the evidence is contained in the record as a whole. *Hamm v. American Tel. & Tel. Co.*, 302 S.C. 210, 394 S.E. (2d) 842 (1990). We find that the record contains substantial evidence in support of the Commission's decision regarding operating expenses and that the Consumer Advocate has failed to prove convincingly that the Commission's actions were arbitrary and capricious as a matter of law.

The Consumer Advocate also alleges that authorizing CWS to recover expenses related to unrecovered property taxes constitutes retroactive ratemaking. We disagree. In *Hamm v. South Carolina Public Service Commission and Wild Dunes Utilities, Inc.*, *supra*, this Court held that lost revenues may be properly recoverable as an operating and maintenance expense if the evidence reasonably supports the conclusion. The Consumer Advocate's position that this constitutes retroactive ratemaking is without merit.

## C. WHETHER THE COMMISSION ACTED ARBITRARILY, CAPRICIOUSLY, AND WITHOUT SUB-

STANTIAL EVIDENCE OF RECORD IN APPROV-
ING THE ENVIRONMENTAL SURCHARGE FOR
THE COMPANY.

Next, the Consumer Advocate argues that the imposi-
tion of a $10 per month environmental impact sur-
charge (EIS), without any justification for the amount,
is not supported by the evidence. We agree.

The EIS approved by the Commission affects approxi-
mately 210 customers in one housing community. CWS pre-
sented evidence that the EIS was made necessary by stricter
standards imposed by the Department of Health and Environ-
mental Control (DHEC), and the system upgrade would cost
at least $150,000. The EIS would recognize the cost differen-
tial to this system as a result of DHEC regulations. However,
the record indicates that CWS presumed that this investment
could be fully recovered in six years.

CWS presented through the testimony of Wenz, its inten-
tion to continue to collect the EIS for fifty years; "[T]he envi-
ronmental impact surcharge would be treated as revenues,
and it would not be treated as contributions in aid. So the re-
covery of the $150,000 is being spread over fifty years. . . ." In
our view no evidence exists that adequately supports the
Commission's conclusion that the EIS could be recovered far
beyond the total recoupment of the investment. The Commis-
sion's assertion that it will scrutinize the EIS in CWS's next
rate request is wholly inadequate as to the examination of the
EIS in this rate proceeding.[1] Therefore, we reverse and hold
that the Commission's action concerning the EIS was arbi-
trary and capricious, and that no substantial evidence exists
to support the Commission's findings.

D. WHETHER THE COMMISSION FAILED TO MAKE
LEGALLY SUFFICIENT FINDINGS OF FACT
CONCERNING THE PROPER USE AND
RATEMAKING TREATMENT FOR PLANT IM-
PACT FEES.

Finally, the Consumer Advocate contends that the
Commission erred in approving plant impact fees in the
amount of $400 for both water and sewer service with-

---

[1]We note that CWS, not the Commission, controls the interval between the
next rate request.

out setting forth findings of fact or requiring CWS to demonstrate that the funds generated from these fees would be used for increasing plant capacity. We disagree.

Plant impact fees had previously been approved by the Commission in Order No. 89-573, and no change had been proposed by CWS in the current proceeding. The Commission asserts, and we concur, that a utility rate which has been previously established in a rate proceeding is presumptively correct. In Order No. 90-694, the Commission finds:

> ... [I]f a rate has previously been found just and reasonable and is not included in the rates and charges proposed to be increased by the Company, then the presumption of the validity of the Commission's previous decision should remain unchanged. . . . The Consumer Advocate did not submit into evidence anything that would challenge the validity of the previously approved rate. The Commission finds that absent a challenge, a previously approved rate still is presumed just and reasonable.

The Commission was not required to make factual findings regarding the reasonableness of plant impact fees which were approved in a previous proceeding. As for the Consumer Advocate's position that plant impact fees must be used only for plant expansion, this Court has affirmed the Commission's finding that plant impact fees used for investment in plant as well as in providing services were fair and reasonable. *See Hamm v. South Carolina Public Service Commission and Wild Dunes Utilities, Inc., supra.*

After reviewing the evidence contained in the orders and the record as a whole, we find substantial evidence and affirm the findings of the Commission on the question of operating expenses and plant impact fees. We find the authorization of the EIS unsupported by the evidence and on this issue reverse the opinion of the circuit court.

Affirmed in part; reversed in part

HARWELL, C.J., MOORE, A.J., and Acting Associate Justices C. TOLBERT GOOLSBY, JR. and BRUCE LITTLEJOHN, concur.