505 S.E.2d 342

**SOUTH CAROLINA ENERGY USERS COMMITTEE, Appellant,**

v.

**The PUBLIC SERVICE COMMISSION of South Carolina and SCE&G, Respondents.**

No. 24839.

Supreme Court of South Carolina.

Heard April 7, 1998.

Decided Sept. 14, 1998.

Daniel B. Lott, Jr., Sherrill & Roof, LLP, Columbia, for appellant.

Francis P. Mood, of Sinkler & Boyd, P.A.; James B. Richardson, Svalina, Richardson & Smith; and Sarena D. Burch, SCANA Corp., Columbia, for respondent SCE&G; and F. David Butler, S.C. Public Service Commission, Columbia, for respondent SCPSC.

FINNEY, Chief Justice:

This is an appeal [1] from a circuit court order upholding an order of the Public Service Commission (PSC) which approved a rate increase for respondent SCE&G. Appellant contends the evidence does not support the rate of return on equity awarded in the order, and that the PSC exceeded its authority in authorizing a Storm Damage Reserve Fund. We affirm.

Appellant first contends that the PSC erred in allowing SCE&G a 12% return on equity. It concedes that expert testimony in the record supports this rate, but argues that the award itself is flawed because it rests on a speculative basis. *See South Carolina Cable Television Ass'n v. Public Service Comm'n of South Carolina,* 313 S.C. 48, 437 S.E.2d 38 (1993) (rate of return cannot be based on unknown expenses and profits from future technological innovations). Here, the experts testified that investors were concerned about the perceived threats to the industry resulting from deregulation and increased competition, and opined that this perception of risk should be a factor in determining the rate of return. In an unartfully drawn order, the PSC first appears to say that the rate increase is necessary because competition is inevitable and events are unforeseeable, but then states that investor caution concerning increasing competition is a factor in setting the rate of return.

 We must affirm the decision of the PSC if it is supported by substantial evidence in the record. *Heater of Seabrook v. Public Serv. Comm'n of South Carolina,* 324 S.C. 56, 478 S.E.2d 826 (1996). In this case, we are faced with an order which, if predicated on unforeseeable future events, must be reversed as speculative. *South Carolina Cable Tele-*

---

1. We grant appellant's motion to add to the record.

*vision Ass'n, supra.* On the other hand, if this part of the order is read as the respondents ask us to, as predicated on the perception of the threat of increased competition, then the order does not rest on purely speculative evidence, but rather on the testimony of the experts and therefore should be upheld under the substantial evidence rule. *Hamm v. South Carolina Public Service Comm'n,* 309 S.C. 282, 422 S.E.2d 110 (1992). Since the expert evidence before the PSC involved the perception issue, we find in this instance that the order should be construed as respondents urge. We caution the PSC, however, that it must write orders which are clear on their face, and which do not burden the courts with determining the Commission's meaning and intent. *cf., Hamm v. American Telephone & Telegraph Co.,* 302 S.C. 210, 394 S.E.2d 842 (1990) (court suggests clearer format in future PSC orders); *Heater of Seabrook v. Public Service Comm'n,* 332 S.C. 20, 503 S.E.2d 739 (1998). We find substantial evidence in the record regarding the role played by investor perception in this area, and therefore affirm this issue.

█ The second issue concerns the PSC's authority to permit SCE&G to accumulate a Storm Damage Reserve Fund to offset expenses in the event of catastrophic weather damage to its equipment. Appellant contends that this portion of the order results in the PSC regulating insurance, a power not given it by statute. We disagree with appellant's fundamental contention, that the accumulation of this Fund converts SCE&G into an insurer. *Southern Home Ins. Co. v. Burdette's Leasing Service, Inc.,* 268 S.C. 472, 234 S.E.2d 870 (1977) (creation of fund in lieu of insurance does not make one an insurer). We find this issue to be without merit.

For the reasons given above, this appeal is

**AFFIRMED.**

TOAL, WALLER, BURNETT, JJ., and MARC H. WESTBROOK, Acting Associate Justice, concur.